IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY JILES, <br><br> *Plaintiff*, <br><br> v. <br><br> PENNSYLVANIA DEPARTMENT OF TRANSPORTATION *and* COUNCIL OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, *AFL-CIO*, <br><br> *Defendants*. | Civil Action No. 2:24-cv-740 <br><br> Hon. William S. Stickman IV |

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

*Pro se* Plaintiff Anthony Jiles ("Jiles"), who has been employed by Defendant Pennsylvania Department of Transportation ("PennDOT") as a tunnel maintainer since 1992, brought this action against PennDOT and his union, Defendant Council of the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"). Count I of Jiles's complaint raises a Title VII (42 U.S.C. §§ 2000e *et seq.*) claim asserting that PennDOT's denial of requested leave time was discriminatory based on race. At Count II, Jiles brings a claim under the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185) against PennDOT alleging that the denial of his requested leave time also violated the applicable collective bargaining agreement. Count II also alleges a breach of duty of fair representation claim against AFSCME by arbitrarily declining to process a grievance on his behalf.[1] On July

---

[1] Jiles voluntarily withdrew his claim against AFSCME and it has been terminated as a party to this action.

1

22, 2024, Jiles formally withdrew Count II against PennDOT and AFSCME. AFSCME was terminated as a party in this case. Thus, the only claim that remains is Count I against PennDOT. PennDOT filed a Motion for Judgment on the Pleadings (ECF No. 14) and briefing is now complete. For the following reasons, the Court will deny the motion.

## I.     STANDARD OF REVIEW

PennDOT has brought a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"), which provides that once the pleadings are closed, but within such time as to not delay trial, a party may move for judgment on the pleadings. A party may use a motion for judgment on the pleadings under Rule 12(c) as a vehicle for raising several of the defenses enumerated in Federal Rule of Civil Procedure Rule 12(b) ("Rule 12b"). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). The standard of review is identical to that of a motion to dismiss under Rule12(b)(6). *Id.* The only difference is that on a motion for judgment on the pleadings, a court reviews not only the complaint, but also the answer, and all written instruments attached to the pleadings. *Iseley v. Talaber*, No. 5-cv-444, 2008 WL 906508, at *2 (M.D. Pa. Mar. 31, 2008) (citation omitted). A court should consider the allegations in the pleadings, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents if a plaintiff's claims are based on such documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993); *see also Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (providing that a court may consider (1) exhibits attached to the complaint; (2) matters of public record; and (3) all documents that are integral to or explicitly relied upon in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment). However, because a Rule 12(c) "motion calls for an assessment of the merits of the case at an embryonic stage, the court must

view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom" in the nonmovant's favor. *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006).

Courts must liberally construe the submissions of *pro se* litigants. *See Hena v. Vandegrift*, 612 F. Supp. 3d 457, 472 (W.D. Pa. 2020) (citing cases, including *Haines v. Kerner*, 404 U.S. 519 (1972)). While such submissions are read to "raise the strongest arguments suggested therein," a court's "forgiving interpretation does not render immune from dismissal or summary judgment claims that lack procedural or factual viability." *Id.* (internal quotation marks and citations omitted).

## II.   ANALYSIS

Jiles, who is African American, is PennDOT's highest ranking tunnel maintainer based on seniority. In 2020, he began using his vacation days on Thursday, Friday, and Saturday of each week. None of his requests were denied between 2020 and October 2022. On September 26, 2022, Jiles submitted a leave request for January to June of 2023 requesting to use vacation days for every Thursday, Friday, and Saturday of every week. His request was denied by PennDOT stating it would be "burdensome to its operational needs." However, PennDOT granted the leave requests of multiple less senior "white Tunnel Maintainers" for the January to June 2023 selection period. (ECF No. 1, pp. 2-3).

Title VII states that "[i]t shall be an unlawful employment practice for an employer -- ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[.]" 42 U.S.C. § 2000e–2(a). To establish a prima facie case of discrimination under Title VII, Jiles must establish the following four elements: (1) he is a

3

member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action gives rise to an inference of unlawful discrimination. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999).

It is undisputed that Jiles is African American. Additionally, there is no dispute that he was qualified for the position he held. PennDOT also does not dispute that denying Jiles's leave requests was an adverse employment action. What PennDOT disputes is whether Jiles sufficiently pled that his race was the reason for PennDOT's decision to deny his leave requests. (ECF No. 15, pp. 5).

Jiles alleges that other white less senior tunnel maintainers were granted leave for the period he requested. At this embryonic stage of the case, the Court finds that Jiles has sufficiently alleged discrimination by providing comparator evidence that PennDOT denied him, an African American with more seniority, vacation time while granting white less-senior employees (including Michael Jordan and Dena Fearon (*see* ECF No. 17, p. 5) leave. In an employment context, "only rarely will a plaintiff have direct evidence of discrimination." *Geraci v. Moody–Tottrup, Int'l, Inc.*, 82 F.3d 578, 581 (3d Cir. 1996) (explaining the reason for the *McDonnell Douglas* burden-shifting framework). Discrimination may be inferred based on comparator evidence—evidence that defendant treated "similarly situated" individuals not within a plaintiff's protected class more favorably than it treated a plaintiff. *See Wilcher v. Postmaster Gen.*, 441 F. App'x 879, 881 (3d Cir. 2011). The Court finds that Jiles has provided concrete factual allegations from which discrimination can be inferred at this stage. His comparator evidence is sufficient to allege facts that plausibly give rise to an inference of discrimination based on race.

4

The Court will deny PennDOT's motion as Jiles has adequately set forth a prima facie claim of race discrimination.[2] Jiles will need to provide facts to substantiate his allegation if he hopes to prevail. The question before the Court now is not the ultimate question of whether PennDOT actually discriminated against Jiles. It is whether Jiles has satisfied the lenient standard of review at the motion for judgment on the pleadings stage. Since he has, the Court will await a more fully developed record and possible summary judgment motions to determine if a genuine issue of material fact exists as to whether Jiles's protected status was a motivating or determinative cause of PennDOT not granting his leave request.

### III.  CONCLUSION

For the foregoing reasons, the Court will deny PennDOT's motion by Order of Court to follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

\_\_\_\_10/7/24_____
Date

---

[2] After establishing a prima facie case, the burden shifts to the employer to provide a legitimate non-retaliatory reason for its conduct. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If it does so, the burden shifts back to the plaintiff "to convince the factfinder both that the employer's proffered explanation was false [that is, a pretext], and that retaliation was the real reason for the adverse employment action." *Moore v. City of Philadelphia*, 461 F.3d 331, 342 (3d Cir. 2006) (citations omitted). Thus, the burden is on Jiles to establish causation at two stages of the case: initially, to demonstrate a causal connection as part of the *prima facie* case, and at the final stage of the *McDonnell Douglas* framework to satisfy his ultimate burden of persuasion by proving pretext.